EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division Assistant United States Attorney
Chief, Criminal Division
JOEY L. BLANCH (Cal. Bar No. 186487)
Assistant United States Attorney
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (202) 252-5843
     Facsimile: (202) 252-5861
     E-mail:   joey.blanch@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>        v.<br><br>BILLY WADE CARROL,<br><br>     Defendant. | Nos. CR 09-68-VAP<br><br>GOVERNMENT'S SENTENCING POSITION |

     Plaintiff United States of America, through its counsel of record, the United States Attorney's Office for the Central District, hereby submits its position re: sentencing of defendant Billy Wade Carroll pursuant to Rule 32(b)(6)(B) of the Federal Rules of Criminal Procedure.

     This position is based on the attached Memorandum, the Pre-Sentence Report, the files and records of this case, including all evidence presented at trial, the government's previous sentencing position, and any argument to be presented at the sentencing hearing.

Dated: April 12, 2016                    Respectfully submitted,

                                         EILEEN M. DECKER
                                         United States Attorney

                                         LAWRENCE S. MIDDLETON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                         _____/s/_____
                                         Joey L. Blanch
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff/Respondent
                                         UNITED STATES OF AMERICA

**MEMORANDUM**

## I.   INTRODUCTION

Defendant has a long history of child exploitation offenses. He molested a 7-year old, suffered convictions for transportation of child pornography, and posed as a teenager online to manipulate a 13-year-old boy to masturbate for him via webcam.  In addition, he was a full participant in the Lost Boy child pornography message board, which encouraged members to trade child pornography, and also to molest children themselves.  For his participation in Lost Boy, on October 11, 2011 defendant Billy Wade Carroll (defendant) was convicted by a jury on conspiracy to advertise, transport, receive, distribute, solicit and possess child pornography, in violation of Title 18, United States Code, Sections 2251(d)(1)(A), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3) and 2252A(a)(5)(B).

Defendant was also convicted of committing these crimes while required to be a registered sex offender, in violation of Title 18, United States Code, Section 2260A.  On appeal, however, it was determined that although defendant had registered as a sex offender in the state of Ohio and there were court orders requiring him to register, he was in fact never required to register as a sex offender under Ohio state law.  The government conceded that defendant must be acquitted of the Section 2260A count and resentenced only on the child pornography conspiracy conviction.

The Probation Office determined that defendant's offense level is 45 and his criminal history level is I, resulting in a recommended sentence of life imprisonment.  The government has no objections to the PSR.

The Probation Office recommends a sentence of 35 years.  This is the same recommendation made by the Probation Office at the previous

3

sentencing hearing.  At the time, 35 years was the mandatory minimum sentence that the Court could impose, because his conviction for the child pornography conspiracy offenses carried a 25-year mandatory minimum sentence and his conviction for the Section 2260A offense carried a mandatory consecutive 10 year sentence.  On resentencing without the Section 2260A conviction, the Probation Office continues to recommend that a 35-year sentence is appropriate, given all the facts and circumstances of the case and in consideration of all the factors set forth in 18 United States Code, Section 3553(a).  The government agrees, and recommends that the Court re-impose a 35-year sentence.

## II.  ARGUMENT

The government previously filed a lengthy sentencing position, addressing defendant's history of crimes against children in detail. (Docket 663).  The government will not repeat this information, but rather incorporates the previously filed sentencing position as if set forth in full herein.  The government's position has not changed. At the time, the government believed that 35 years was the mandatory minimum that the Court could impose, but the mandatory minimum sentence was only one factor in the government's consideration and weighing of the Section 3553(a) factors in this case.  The remaining factors, including the history and characteristics of the defendant, the serious nature of the instant offense, the need to protect the public from the defendant, remain unchanged.

Given the serious nature of defendant's participation in Lost Boy, combined with the fact that he has previously been convicted for a similar offense and that the past conviction had no apparent impact on his behavior, and the fact that he has repeatedly victimized

children both in real life and on line, a sentence of at least thirty-five years is appropriate.  While the sentencing guidelines appropriately recommend a life sentence, a thirty-five year sentence may be sufficient.  Defendant is already 51 years old, and the sentence is far greater than any sentence previously imposed.  The government continues to recommend that any sentence should be followed by a lifetime period of supervised release.

---

[5] The government has not addressed defendant's claim that he was molested as a child.  If true, it is certainly sympathetic, but it is not mitigating.  It is important to note, however, that defendant has disclosed the abuse for the first time only after he was arrested in this case and facing a very significant sentence.  While victims of abuse often do not disclose until years later, the circumstances of defendant's disclosure warrant some skepticism.  Being a victim of sexual abuse himself does not excuse, justify, or even explain defendant's crimes.  The Probation Office states that this by no means negates his crime, but suggest that it might provide insight into defendant's behavior.  The government disagrees.  If anything, being a victim of sexual abuse should give defendant even more victim empathy, even more incentive to protect children, even more reason not to victimize children himself.